IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LIONESS HOLDINGS, LLC, | Civil No. 3:17-cv-01238-JE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SENTINEL INSURANCE COMPANY, LTD., a Connecticut Insurance Company, | |
| Defendant. | |

JELDERKS, Magistrate Judge:

As an initial mater, the Defendant's motion to strike Plaintiff's Supplemental Memorandum (Dkt. #61) is DENIED. Prior to receiving the motion I had already read the Green-Hite deposition and the Supplemental Memorandum. Neither document changed my mind as to the rulings that I intended to make. In fact, Mr. Green-Hite's agreement that the IRS was another reason why the sale fell through bolstered my conclusion that there was insufficient evidence to allow the jury to consider the claim that there was a pending sale and that Sentinel's conduct was the reason it was not completed.

Plaintiff Lioness Holdings brings this action against Defendant Sentinel Insurance Company, asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. The parties have filed cross-motions for summary judgment which came before the Court for oral argument on June 8, 2018. Trial is currently set for July 9, 2018. For the reasons set out below and on the record at oral argument, Defendant's motion for summary judgment is DENIED in part and GRANTED in part and Plaintiff's motion for partial summary judgment is DENIED.

**I. Defendant's Motions:**

1. There is no coverage for Plaintiff's loss for property entrusted to Ryan Reeves and/or anyone with a "master key" (Second Affirmative Defense).

    This motion is DENIED. As I indicated at oral argument, the Court finds that, for the purposes of this case, the losses in question were caused by Ryan Reeves. This was in effect agreed to by the parties. Although the Plaintiff now would like it to be a question of fact, the opinion stated many times by Mr. Lamka that Mr. Reeves was the perpetrator is well supported by the reasons he gave for his conclusion. Defendant Sentinel has agreed that Mr. Reeves was the perpetrator. When Mr. Reeves was given the opportunity to testify otherwise, he refused to testify pursuant to his rights under the Fifth Amendment. However, the motion is denied because there is a question of fact as to whether the property in question was "entrusted" to him at the time of the incidents.

1A. In the alternative, there was only one "occurrence" as a matter of law and the Employee Dishonesty coverage limits Plaintiff's loss to $10,000, which has been paid in full.

    This motion is DENIED. As I indicated at oral argument, the Plaintiff is entitled to

present evidence to the jury as to all ten events.

2. There is no coverage for Plaintiff's loss due to Plaintiff's failure to cooperate (Third Affirmative Defense).

This motion is DENIED. As I indicated at oral argument, this defense presents a fact question for the jury.

3. In the alternative, Defendant moves for partial summary judgment against Plaintiff's claims for "loss in revenue" and "loss in value" because they are excluded as consequential damages under the terms of the Policy (Fifth Affirmative Defense).

This motion is DENIED as moot based on the Court's ruling in the following alternative motion.

3A. In the alternative, there is no colorable evidence in support of Plaintiff's claims for "loss in revenue" and "loss in value" and they should be dismissed.

This motion is GRANTED. A careful review of Mr. Lamka's testimony as supplemented by the Green-Hite deposition leads to the conclusion that the Plaintiff has not presented coherent, consistent, objective, non-speculative evidence to support either of these large claims. Under Oregon law it is not necessary to prove the exact amount of lost profits, but the factfinder's decision cannot be based on conjecture, guesswork or speculation. Evidence that is "merely colorable" or "not significantly probative" does not present a genuine issue of material fact and does not preclude the grant of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511 (1986)(citations omitted). Mr. Lamka stated that it was not possible to determine lost profits on each individual store. However, Sentinel's expert was apparently able to do so and determined that there was no provable loss. There is insufficient

evidence that there was an actual sales contract and there is evidence from Plaintiff's accountant that issues with the IRS were a reason the "sale" was not concluded.

4. In the alternative, Defendant is entitled to partial summary judgment against Plaintiff's claims for replacement cost benefits under the terms of the Policy because the property was never replaced (Eighth Affirmative Defense).

   This motion is DENIED. It will be up to the jury to determine what, if any, damages the Plaintiff is entitled to recover for stolen or damaged property.

5. In the alternative, partial summary judgment should be granted against Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because it fails as a matter of law.

   This motion is GRANTED. Although almost every contract carries a covenant of good faith and fair dealing, it is not a stand alone claim under the facts of this case. I generally have instructed juries about the covenant in connection with any claim for breach of contract but not as a separate claim.

**II. Plaintiff's Motions**

1. Dismissal of the Second Affirmative Defense on the ground that Plaintiff did not "entrust the property" that was subject to the loss to the persons who caused the Loss.

   This motion is DENIED as there are factual issues to be decided by the jury.

2. Dismissal of the Fourth Affirmative Defense on the grounds there is no evidence that Plaintiff intentionally concealed or misrepresented a material fact or that Defendant relied to its detriment on the alleged misrepresentations.

   This motion is DENIED. If the Defendant wishes to pursue this affirmative defense there are factual issues to be decided by the jury.

3. Dismissal of the Sixth Affirmative Defense on the ground that this limitation applies "in any one occurrence." The theft and destruction of property at 10 separate locations over a three-day period is not "one occurrence."

This motion is DENIED. However, as I indicated at oral argument, the Plaintiff will be allowed to present evidence as to all of the locations in question and present the case on its theory that there were 10 occurrences. This defense raises potential legal and factual issues that will need to be resolved at trial.

4. Dismissal of the Tenth Affirmative Defense on the ground that Plaintiff had an insurable interest in the property.

See discussion at 5. infra. To the extent this remains an issue in the case, at trial it will likely be ruled on after hearing the evidence and prior to submitting the case to the jury. However, a factual determination by the jury may be required if the evidence regarding the ownership and history of the Plaintiff remains as convoluted as it was for purposes of these motions.

5. Dismissal of the Eleventh and Twelfth Affirmative Defenses on the ground that, to the extent that the cited exclusions apply, the theft or destruction of property at separate locations over a multiple day period is not a "one occurrence."

Based on the parties arguments and a review of the materials submitted by both parties, I was prepared to DENY the Plaintiff's motions to dismiss Defendant's "Tenth," "Eleventh," and "Twelfth" Affirmative Defenses, being of the opinion that these defenses raised factual issues to be resolved at trial. However, after review of the Court's docket, I have determined that these affirmative defenses are not raised in the Answer and Affirmative Defenses filed by Sentinel on September 15, 2017. Based on the parties' arguments, I assumed there must have been an

Amended Answer but have been unable to find any evidence of such a filing with the Court. I do know that in materials submitted by counsel for Plaintiff that Sentinel notified Plaintiff of its intent to withdraw its original Tenth Affirmative Defense, and assert a new Tenth Affirmative Defense as well as two additional affirmative defenses.

Counsel for Sentinel is to check its records to determine if, perhaps, the Court's docket clerk overlooked a filing. If, in fact, no Amended Answer was filed, I will authorize the filing of an Amended Answer within three days of this Order that is consistent with the apparent proposed Amended Answer which was litigated in these motions. If such an Amended Answer is filed, I will issue an additional Order consistent with what I have said above.

6. Money Judgment against Defendant in the amount of no less than $97,089 on the ground that the minimum amount of property coverage is $10,000 per salon.

This motion is DENIED. As indicated above, it will be up to the jury to determine what, if any damages, the Plaintiff is entitled to recover.

## Conclusion

For the reasons set forth above and as stated on the record at oral argument, Defendant's Motion to Strike [#61] is DENIED and its Motion for Summary Judgment [# 31] is GRANTED in part and DENIED in part. Plaintiff's Motion for Partial Summary Judgment [# 34] is DENIED.

DATED this 20th day of June, 2018

*/s/ John Jelderks*
John Jelderks
U.S. Magistrate Judge