Francis J. Maloney III, OSB #953441
E-mail: fjm@mlrlegalteam.com
Scott A. MacLaren, OSB #123799
E-mail: sam@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Defendant
Sentinel Insurance Company, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIONESS HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SENTINEL INSURANCE COMPANY,<br>LTD., a Connecticut Insurance<br>Company<br><br>        Defendant. | Civil No. 3:17-cv-01238-JE<br><br>DEFENDANT'S MOTION FOR<br>DISCOVERY SANCTIONS<br><br>Pursuant to Fed. R. Civ. P. 37<br><br><u>Expedited Hearing Requested</u> |

# TABLE OF CONTENTS

MOTION.................................................................................................. 1

MEMORANDUM IN SUPPORT OF MOTION...................................................... 2

    A.  Sentinel's Motions to Compel and the Court's Order.......................... 2

    B.  Plaintiff's Responses are Inadequate per the Order of the Court......... 4

        1.  Plaintiff's flaunting of the Order on Sentinel's First Motion to Compel. ................................................................................... 4

        2.  Plaintiff's flaunting of the Order on Sentinel's Second Motion to Compel. .................................................................. 5

    C.  Sentinel's Requests for Sanctions..................................................... 7

        1.  Sentinel's Request for Attorney Fees. ...................................... 8

        2.  Sentinel's Request for Certain Sanctions................................. 8

CONCLUSION .......................................................................................... 23

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page i

## CERTIFICATE OF COMPLIANCE WITH L.R. 7-1

Pursuant to L.R. 7-1, counsel for Sentinel Insurance Company ("Sentinel") certifies that he personally attempted to confer with Plaintiff's counsel, Mark Griffin, by telephone on June 19, 2018, and through numerous other earlier conferrals as part of Sentinel's first and second Motions to Compel. Counsel were unable to resolve the disputes discussed in this motion.

Mr. Griffin does not object to the request for expedited hearing.

## MOTION FOR EXPEDITED HEARING

Sentinel requests that this Motion for Sanctions be heard on an expedited basis so the parties have time to incorporate any rulings the Court may make into their trial preparation and pretrial pleadings. Pre-trial pleadings are due June 27, 2018. Trial is scheduled to begin on July 9, 2018.

## CERTIFICATE OF COMPLIANCE WITH L.R. 26-3(b)(1))

I certify that this brief complies with the applicable word-count limitation under L.R. 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6,055 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

## MOTION

Pursuant to Fed. R. Civ. P. 37(a)(3), 37(a)(5)(A), 37(b)(2)(a), 37(c)(1), and 37(e), Sentinel moves the Court to impose sanctions against Plaintiff for its continuing willful failure to follow two Orders of this Court (Dkt. 42 and 45) regarding Sentinel's Motions to Compel.

First, Sentinel at this time requests that Plaintiff be ordered to pay Sentinel's fees for bringing its two earlier successful motions to compel and this

MALONEY | LAUERSDORF | REINER, pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 1

motion for sanctions. The Court reserved ruling on the fees for the past motions to compel pending Plaintiff's compliance with the order (Dkt. 45), which Plaintiff has now flaunted.

Second, Sentinel requests that Plaintiff be sanctioned as set forth below. Sentinel's requested sanctions include the dismissal of alleged damages, barring Plaintiff from introducing certain evidence or disputing the existence and nonexistence of certain records, and that certain Requests for Admissions be deemed admitted.

## MEMORANDUM IN SUPPORT OF MOTION

### A. Sentinel's Motions to Compel and the Court's Order.

Sentinel filed its Motions to Compel (Dkts. 21 and 28) because the discovery responses received, and the documents produced were wholly insufficient under the rules. The Court agreed with Sentinel, granted Sentinel's motions in full on every issue, and entered the following Order on Sentinel's first motion to compel:

> ORDER regarding first motion to compel [21] which is GRANTED as follows: (1) It is ordered that the Quickbooks file referenced on page 12 of Exhibit 18 to the Declaration of Francis J. Maloney (ECF #33) in support of Defendant's motion for summary judgment shall be furnished. (2) Regarding the motion to compel documents responsive to Requests for Production Nos. 48 and 49, Plaintiff's counsel shall confirm whether the data is available and promptly report to Defendant's counsel. Defendant's counsel shall establish search parameters for the email search and provide those to Plaintiff's counsel who will then coordinate furnishing the results of the search. If the emails are not available, Plaintiff's counsel will provide an explanation of why and at what point they became unavailable.
> Dkt. 42.

The Court entered the following Order on Sentinel's second motion to

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 2

compel:

1. "Plaintiff shall answer Sentinel's Requests for Admissions ## 1-13 as to whether the referenced documentation existed between the September 23, 2016, date of loss and the August 26, 2017, sale of Plaintiff.

2. For Interrogatories ## 16-28, Plaintiff shall answer whether the referenced documents have been produced to Sentinel (regardless of whether it was pre- or post-filing of the lawsuit) and identify when and to whom the documents were provided with sufficient specificity so as to allow Sentinel to determine what documents comprise the entire production Plaintiff asserts constitutes such production. Should Plaintiff need additional assistance with the identification of which documents are referenced in each Interrogatory, the Court attaches Sentinel's self-explanatory chart to this Order, Attachment A.

3. To the extent the documents referenced in Interrogatories ## 16-28 are not within Plaintiff's care, custody or control, Plaintiff shall state why the documents are not available or, if destroyed, the date and under what circumstances they were destroyed.

4. Plaintiff shall answer Interrogatories ## 29-31 as posed.

5. Plaintiff shall answer and respond to Sentinel's Requests for Production ##53-92 to the extent the documents exist and are available.

   Plaintiff is ordered to make the above answers and productions within 10 days of entry of this Order. The Court defers a ruling on Sentinel's Motion for Attorney Fees pending Plaintiff's compliance with this Order."[1]
   Dkt. 45.

Even after attempts to confer, Plaintiff continues to willfully disobey the

Court's Order, materially prejudicing Sentinel's ability to prepare for trial and

defend against the allegations asserted by Plaintiff. Sanctions are appropriate.

---

[1] Dkt. 45.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 3

**B.      Plaintiff's Responses are Inadequate per the Order of the Court.**

Plaintiff's Responses, as ordered by this Court, are inadequate.  Attached to the Maloney Declaration as Exhibits A and B are the written discovery responses Plaintiff served following the Court's imposition of the Orders to Compel.  These discovery responses were served on the eleventh day.  *Id.* Plaintiff continues to stonewall Sentinel's right to discovery, and flaunt this Court's Orders, by refusing to provide documents that its FRCP 30(b)(6) designee testified exist, by refusing to indicate whether they were destroyed and under what circumstances, by refusing to identify with sufficient specificity when and to whom past documents were purportedly produced, and by refusing to even inform Sentinel whether past email data exists so Sentinel could provide search parameters.  Plaintiff's Responses to the propounded discovery are nothing more than a ruse —Plaintiff simply says the same things with different words, rehashing the same answers and responses that necessitated Sentinel to file its Motions to Compel in the first place.  Plaintiff willfully failed to meaningfully respond to the discovery the Court ordered.

**1.      Plaintiff's flaunting of the Order on Sentinel's First Motion to Compel.**

Sentinel's first motion to compel related to production of the QuickBooks records and internal emails.  As previously brought to this Court's attention, Plaintiff altered the 2017 QuickBooks records and transferred them to a more difficult and unusable format prior to production.  Sentinel has since received no further documents or explanation for why this was done, and nothing has been produced since the Court Order.

The Court's order also required Plaintiff to "promptly report" to Sentinel regarding the existence of the email data so Sentinel could send search



1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 4

parameters or the email correspondence it sought. Plaintiff never provided this information to Sentinel. So on June 12, 2018, Sentinel's counsel sent an inquiry regarding its status. Incredibly, instead of following the Court's order, Plaintiff's counsel took issue with the Order and appeared to argue Plaintiff did not need to follow the Order because counsel disagreed with it. Despite follow up inquiries and attempts to confer, Plaintiff still has not complied with the Court order and refuses to simply indicate whether the data exists. See Maloney Dec., Ex. C. In the course of personally conferring on this issue prior to filing this motion, Plaintiff's counsel refused to search for the documents unless Sentinel paid him to do so.

2. **Plaintiff's flaunting of the Order on Sentinel's Second Motion to Compel.**

In Plaintiff's Response to Sentinel's Requests for Admissions (Maloney Dec., Ex. A), Plaintiff gives the identical boilerplate answer for every request, regardless of its applicability. For each category of document, Plaintiff admits the documents existed between the date of loss and the date Lioness was sold. Plaintiff also admits each category of documents was requested by Sentinel on numerous occasions. But Plaintiff categorically denies that the requested documents were not produced. Accordingly, as a matter of law, all of the documents existed at the time this lawsuit was filed, were admittedly requested by Sentinel and, according to Plaintiff, were actually produced to Sentinel.

It would follow then, that Plaintiff's responses to Sentinel's Interrogatories and Requests for Production would, pursuant to the Court order, specifically identify how and when the documents were produced to Sentinel, so that Sentinel could identify the actual production Plaintiff believes

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 5

constitutes such production. Alternatively, it would follow that the documents would be produced at this time, or failing production at this time, that Plaintiff would identify when and under what circumstances the documents were destroyed.

Plaintiff's responses fail to provide any of the above information or documents. Only two documents, which are of questionable value, were produced on June 11, in Response to RFPs ## 77 and 90. (See Maloney Dec., Exs. D and E.) Instead, Plaintiff unresponsively states Sentinel has already admitted the documents were produced in Exhibit A to the Court's Order (Dkt. 45), then generally refers Sentinel a new exhibit, Exhibit 1 ("matrix").

Plaintiff's Exhibit 1 is a ruse. It is essentially the same document as Exhibit A to the Court's Order with an added column for the date sent, and for certain document titles. It contains no other new information. Plaintiff's Exhibit 1 literally recasts the same information Sentinel previously provided in Exhibit A into a new format, then points to it as if it were a new production and discovery response. It is not. At no point does Plaintiff follow the Court's order to identify when and to whom the documents were provided with sufficient specificity so as to allow Sentinel to determine what documents comprise the entire production Plaintiff asserts constitutes such production. To simply refer Sentinel to Plaintiff's matrix is insufficient without identifying the date and specific production. The bottom line is it is still not possible to determine what documents Plaintiff produced that it asserts were in response to Sentinel's requests, which was the whole point.[2] At no point does Plaintiff follow the

---

[2] In attempting to confer with opposing counsel on June 19, Plaintiff's counsel's response to this was "I gave you enough information to figure it out."

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Court's order to state why the requested documents are not available or, if destroyed, the date and under what circumstances they were destroyed. Instead of answering Sentinel's Second Discovery Requests in good faith, per the Court Order, Plaintiff has continued to stonewall up to the eve of trial, materially impacting Sentinel's ability to prepare for trial and defend against Plaintiff's allegations.

**C.      Sentinel's Requests for Sanctions.**

Plaintiff's Responses belie the intent of the Court to require Plaintiff to meaningfully respond to discovery in a manner consistent with the Federal Rules of Civil Procedure.  The Court should exercise its discretion to sanction Plaintiff.  When broached with the topic regarding Plaintiff's compliance, counsel for Plaintiff emailed "Defendant has what plaintiff has.  Plaintiff's discovery obligations have been fulfilled."  Maloney Dec. Ex. C, p. 2.  Plaintiff wholly and effectively disregards this Court's Orders.

The negative effect of Plaintiff's failure to produce discovery, and failure to comply with this Court's Order, cannot be overstated.  The discovery requested and sought by Sentinel is material to its defenses of Plaintiff's claim for $1.8 million in damages.  Had Plaintiff answered the discovery requests in good faith, pursuant to the Court's Orders, Sentinel's document requests and Plaintiff's response to each could have been isolated and known to the parties, Court, and jury.  They would have been pre-marked as exhibits and the issues streamlined for trial.  Instead, it remains clouded and unknown thorough Plaintiff's obfuscation.  The exhibits and responses will have to be developed through cross-examinations of multiple witnesses and introduction of many exhibits that will need to be cross-referenced and matched during trial.

MALONEY | LAUERSDORF | REINER, PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Sentinel was also prevented from moving on these discovery responses in its dispositive motions.

Pretrial pleadings are due next week. Even if the documents were produced at this time is now too late for Sentinel to meaningfully review, assess and incorporate them into its trial preparation at this late date. The only appropriate remedy are the below sanctions.

### 1. Sentinel's Request for Attorney Fees.

Federal Rule 37(a)(5) mandates an award of attorney fees and costs to a party who files a successful motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Sentinel is entitled to its reasonable attorney fees and costs incurred in making this motion and the past two motions to compel. Plaintiff's responses are unjustified, and there are no other circumstances that would make such an award unjust.

### 2. Sentinel's Request for Certain Sanctions.

The Court has discretion to sanction a party for disobeying a Discover Order pursuant to FRCP 37(b)(2)(A), by:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an


1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 8

order to submit to a physical or mental examination.

The Court has discretion to sanction a party for failing to disclose, supplement an earlier response or failing to admit pursuant to FRCP 37(c)(1) as follows:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)."

The Court has discretion to sanction a party for failing to preserve electronically store information ("ESI") pursuant to FRCP 37(e)(1) as follows:

> "(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment."

/ / /

/ / /



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 9

**_Personnel Files_** (RFA No. 1, ROG No. 16, RFP Nos. 53-54).

Plaintiff's responses to the "personnel files" topic are contradictory. Plaintiff's RFA admits the existence of the files and that Sentinel requested them, but takes the position they were in fact produced. Plaintiff confirmed existence of personnel files at deposition. Dkt. 33-3 at p. 47-48, 130-131 of the transcript. However, at no point has Plaintiff provided any personnel files to Sentinel or the manila folders in which they were kept.

Plaintiff's Response to Interrogatory No. 16 contradicts Plaintiff's answer to RFA #1. It denies the existence of personnel files except for Patrick McNeil and Courtney Maskell, and claims they are no longer in Plaintiff's care, custody or control. In violation of the Court order, Plaintiff further fails to state when, how and to whom the personnel files were produced or under what circumstances they are no longer in the care, custody or control of Plaintiff.

_Sentinel's requested sanction: That the Court deem Request for Admission No. 1 as admitted in whole (to admit the documents were not produced) and bar Plaintiff from arguing or attempting to introduce evidence at trial that any personnel files were produced._

**_Maintenance/Repair of Equipment_** (RFA No. 2, ROG No. 17, RFP No. 55).

Plaintiff's responses are circular, non-responsive and boilerplate. Again, Plaintiff admits the existence of "maintenance and repair" documents and admits Sentinel requested the documents, but denies that they were not produced. At no point has Plaintiff provided any maintenance records to Sentinel despite admitting to their existence. Plaintiff's only production relating to the repair or replacement of equipment is limited to certain invoices

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 10

that total approximately $10,000, which were sent to Sentinel on or around December 14, 2016.  Dkt. 33-12.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 2 as admitted in whole, and that Plaintiff be barred from presenting or arguing that it produced any documents other than those in Dkt. 33-12.*

**Replacement of Claimed Property** (RFA No. 3, ROG No. 18, RFP Nos. 56, 57).

Plaintiff's responses are non-responsive and boilerplate.  Plaintiff testified at deposition that a comprehensive "triage" list exists which shows the repair, removal or replacement of damaged equipment with equipment from storage or other salons.  Dkt. 33-3 at p. 253, 257.  Plaintiff has continued to violate the court Order—the list has neither been produced, nor has Plaintiff explained why the documents were not produced.  Plaintiff's only documents related to the repair or replacement of equipment is limited to certain invoices that total approximately $10,000, which was sent to Sentinel on or around December 14, 2016.  Dkt. 33-12.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 2 as admitted in whole, and that Plaintiff be barred from presenting any evidence or argument that anything other than that in Dkt. 33-12 was produced.*

**Documentation of Plaintiff's Post-Loss Financial Status** (RFA No. 4, ROG No. 19, RFP No. 58).

Plaintiff's responses are non-responsive and boilerplate.  Plaintiff only produced its QuickBooks records through December 31, 2016, after intervention of the Court, on April 3, 2018.  Plaintiff then produced records on April 17, 2018, in the form of the altered "general ledger" instead of its QuickBooks records.  Plaintiff produced in discovery its 2014 and 2015 tax

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

records – its 2013 and 2016 tax records had to be subpoenaed from its CPA, Mathew Green-Hite.  Apparently, 2017 taxes are not yet filed.  Plaintiff testified that extensive financial documents exist, including excel spread sheets to track profitability of staff and stores, etc. (Dkt. 33-3 p. 59-60, 190) and admitted as much in its RFA, however these documents have not been produced.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 4 as admitted in whole, and that Plaintiff be barred from presenting evidence or argument that anything other than the Quickbooks records and taxes were produced.*

**_Negotiations of Plaintiff's Sale_** (RFA No. 5, ROG No. 20, RFP No. 59).

Plaintiff's responses are non-responsive and boilerplate.  Plaintiff only produced limited correspondence in the due diligence documents that consists of forwarding documents to/from the banker, Rahsaan Freeman.  Mr. Freeman confirmed his office purged those documents.[3]  Plaintiff has provided zero documentation as to the "failed sale," any reason why the sale fell through, or any negotiation of the transaction.[4]  Plaintiff has admitted in its Response to Request for Admission No. 5 that those documents exist, but has failed to produce or provide an explanation as to why those documents are no longer in the care, custody or control of Plaintiff.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 5 as admitted in whole, and that Plaintiff be required to explain when, how*

---

[3] Declaration of Rahsaan Freeman, attached.

[4] Contrary to Plaintiff's position, other factors were apparently present in the failed sale, including the "several hundred thousand dollar" fine from the IRS regarding delinquent payroll taxes.  Dkt. 58-1 at p. 76-80 (Green-Hite deposition).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*and why the responsive documents were destroyed or no longer in its care, custody or control.*

**Business Formation Documents** (RFA No. 6, ROG No. 21, RFP No. 60).

Plaintiff's responses are non-responsive and boilerplate. To date, Plaintiff has only produced two documents showing the ownership and business formation of Plaintiff –the original 2010 filing with the Wyoming Secretary of State showing Mathew Green-Hite as the sole "member," and the 2012 operating agreement naming Ariel Peterson as the "manager" and Mathew Green-Hite as the "member." Plaintiff has testified additional ownership documents exist, but no other documents have been produced, including how ownership transferred over the years between Mathew Green-Hite to Peter Lamka to Ariel Peterson and back to Peter Lamka. Plaintiff's position is that the apparent tax records constitute its production. Tax records, for this purpose, are insufficient.

*Sentinel's requested sanction: That the Court deem Request for Admission No. 6 as admitted in whole, that tax records be deemed as insufficient for purposes of the requested business formation documents, and that Plaintiff be barred from putting on any evidence or argument that anything other than the 2010 formation and 2012 operating agreement were produced.*

**BOLI Documents** (RFA No. 7, ROG No. 22, RFP No. 61).

Plaintiff's responses are non-responsive, boilerplate, and internally inconsistent. Plaintiff's Response to Request for Admission No. 7 admits the existence of BOLI documents, but its Response to Interrogatory No. 22 denies such existence because the investigation was with Oregon Employment Division. Plaintiff has only produced one email chain to this effect that tells

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Sentinel nothing regarding the "investigation."

*Sentinel's requested sanction: That the Court deem Request for Admission No. 7 as admitted in whole and to bar plaintiff from presenting or arguing evidence other than the singe chain of emails was produced.*

**__Original Equipment Purchase Documents__** (RFA No. 8, ROG No. 23, RFP No. 62).

Plaintiff's responses are non-responsive and boilerplate. To date, Plaintiff has produced zero documents regarding the purchase of the various equipment for which it makes claim. Plaintiff admits those documents exist. Dkt. 33-3 at p. 256-257.[5]

*Sentinel's requested sanction: That the Court deem Request for Admission No. 8 as admitted in whole and to bar Plaintiff from presenting evidence or argument that responsive documents were produced.*

**__Other Original Purchase Documents__** (RFA No. 9, ROG No. 24, RFP No. 63).

Plaintiff's responses are non-responsive and boilerplate. To date, Plaintiff has produced zero documents regarding the purchase of the various equipment to which it makes claim, including documents related to ownership, age, condition or purchase price of any equipment for which claim is being made. Plaintiff has admitted to the existence of purchase documents. Dkt. 33-3 at pp. 256-257. Nothing has been produced.

---

[5]    "Q.  Do you have any documents to show the original purchases of any of this equipment?

A.   Yes."

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 14

*Sentinel's requested sanction: That the Court deem Request for Admission No. 9 as admitted in whole and to bar Plaintiff from presenting evidence or argument that responsive documents were produced.*

**_Efforts to Sell or Rent_** (RFA No. 10, ROG No. 25, RFP No. 64, 92).

Plaintiff's responses are non-responsive and boilerplate. At deposition, Plaintiff admitted to the existence of certain buy/sell documents. Dkt. 33-3 at p. 258. Mr. Green-Hite admitted the same between Plaintiff and Gibraltar Holdings, LLC, which held all of the equipment to shield against any liquidation or claim from the operation of Plaintiff's business. Dkt. 58-1 at p. 16-17, 72-73. No such documents have been provided to Sentinel despite Sentinel's repeated requests.

*Sentinel's requested sanction: That the Court deem Request for Admission No. 10 as admitted in whole, and that Plaintiff be barred from offering or arguing any documents were produced other than the "due diligence" folders.*

**_Pre-loss Financials_** (RFA No. 11, ROG No. 26, RFP No. 65, 85).

Plaintiff's responses are non-responsive and boilerplate.

*Sentinel's requested sanction: That the Court deem Request for Admission No. 11 is admitted in whole, and that Plaintiff be limited to presentation of its 2014-2015 tax records, excel spreadsheet of Profit and Loss by location through 9/30/16 which was sent to Sentinel on or around November 11, 2016, and the QuickBooks records, as the only evidence of pre-loss financial documents.*

**_Business Debts_** (RFA No. 12, ROG No. 27, RFP No. 66).

Plaintiff's responses are non-responsive and boilerplate. Notably, there is no "Oregon Health Services" to which a public record could exist – that is a non-existent agency. Further, Plaintiff is well aware that is not the only

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 15

business debt that exists.  There is the IRS debt for payroll taxes, the BOLI debt for wage and hour violations, and the internal debts between Gibraltar Holdings, LLC and Plaintiff related to its leases.  That is what Sentinel knows of.  None of these documents have been produced.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 12 is admitted in whole, and that the Plaintiff be barred from arguing or introducing any responsive documents were produced.*

**QuickBooks Files** (RFA No. 13, ROG No. 28, RFP No. 67).

Plaintiff's responses are non-responsive and boilerplate.  The QuickBooks were only produced pursuant to a motion to compel, and Plaintiff has still failed to provide an explanation for why a general ledger was produced in lieu of its 2017 QuickBooks files.

*Sentinel's requested sanction:  That the Court deem Request for Admission No. 13 as admitted in whole.*

**Alleged Lost Revenue** (ROG Nos. 29-31, RFP Nos. 67-69).

Plaintiff's responses are non-responsive and boilerplate.  In these requests, Sentinel seeks documents related to Plaintiff's loss in revenue claim, including membership cancellations and any calculation as to its alleged lost revenue.  Plaintiff states in its Responses that these revenues cannot be tracked, but may be contained in certain documents such as Sunlynk records, EFT reports, bank statements (including credit card reports) and real estate leases.  Plaintiff has not provided any Sunlynk data, EFT reports,[6] or

---

[6] Plaintiff provided one set of EFT reports, at the request of Sentinel, of cancellations between August – December of years 2015 and 2016.  These reports contradict Plaintiff's loss of revenue claim—they show more cancellations in 2015 than in 2016.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

bank/credit card statements despite Sentinel's express requests for those very documents.  To date, Plaintiff has provided no calculation for its alleged lost revenue.  Plaintiff attempts to ambush Sentinel at trial with undisclosed expert testimony on these topics.  Dkt. 59.  This is highly prejudicial to Sentinel because it has materially impacted Sentinel's ability to know the basis of Plaintiff's damage claim and to defend itself against the claim.

*Sentinel's requested sanction:  That the Court dismiss Plaintiff's loss of revenue claim.  This is the only sanction that can undo the prejudice and level the playing field between the parties.*

*Alternatively, the Court should bar Plaintiff from arguing or presenting evidence of any member cancellations as a result of the loss.*

**Opening/Closing Reports** (RFP No. 70).

Plaintiff's response is non-responsive and boilerplate.  Plaintiff's response cites to its Response to RFP No. 69, which relates to membership cancellations—a totally separate issue and production request.

*Sentinel's requested sanction:  That the Court should order Plaintiff to state when, how and to whom the documents were produced.*

**Corporate Formation** (RFP No. 71).

Plaintiff's responses are non-responsive and boilerplate.  Sentinel seeks documents related to the ownership of the various entities associated with Plaintiff and Mr. Lamka so as to determine the insurable interest of the equipment and claims at issue in this litigation.  Sentinel is entitled to this discovery and Plaintiff was ordered to produce such discovery.  The "public records" Plaintiff refers to are merely the filings with various secretaries of state and do not list any ownership interest or transfers of ownership to any

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

individuals or entities. Sentinel seeks the articles of organization pursuant to ORS 63.047 or operating agreements similar to the one produced by Plaintiff (which Plaintiff and Mr. Green-Hite states has been changed without documentation). Dkt. 33-3 at p. 44-46, Dkt. 58-7. Sentinel seeks the corporate formalities required by law to allow limited liability protection.

*Sentinel's requested sanction: That the Court rule as a matter of law Plaintiff failed to provide the requested ownership documents, and find that Gibraltar, LLC, owned all equipment for which claim is made.*

**__Bank Statements__** (RFP No. 73).

Plaintiff's responses are non-responsive and boilerplate. Similar to the "Alleged Lost Revenue" category (ROG Nos. 29-31, RFP Nos. 67-69), Sentinel has been seeking bank records to show the financial status of Plaintiff and to determine its lost revenue and loss in value claims. These bank statements also go to repairs, ownership and replacement of the claimed equipment. To date, and despite this Court's order, they still have not been provided. Sentinel is entitled to this discovery and Plaintiff was ordered to produce such discovery. Plaintiff's statement that "they will produce at a time and location convenient" to the parties is disingenuous and too little too late. Their delay has prejudiced Sentinel – trial starts July 9.

*Sentinel's requested sanction: That the Court rule Plaintiff failed to provide the requested bank documents, and that Plaintiff's be barred from arguing or presenting contrary information. In addition, this Court should dismiss Plaintiff's claims for lost revenue and loss in value.*

///

///

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**_Excel Cost Efficiencies_** (RFP No. 74).

Plaintiff's responses are non-responsive and boilerplate. Similar to the "Alleged Lost Revenue" category (ROG Nos. 29-31, RFP Nos. 67-69) and "Bank Statements" (RFP No. 73) Sentinel has been seeking documents related to the financial status of Plaintiff to determine its lost revenue and loss in value claims, which includes Plaintiff's internal documents related to costs and store efficiencies. Plaintiff testified that he drafted these documents and that they exist. Dkt. 33-3 p. 59-60, 190. Yet the materials have not been produced, nor has Plaintiff provided any explanation for this non-production. By their very nature these documents go directly to Plaintiff's loss in value and loss in revenue damage claims. They are documents Sentinel should be able to provide to its experts to assess, and to otherwise analyze the alleged loss in revenue and value claims. Sentinel is entitled to this discovery and Plaintiff was ordered to produce such discovery. Plaintiff's statement that it produced all documents that "may be" responsive is a fallacy. The failure to produce these documents materially prejudices Sentinel.

_Sentinel's requested sanction: That the Court Sentinel find Plaintiff failed to provide the requested excel cost efficiencies, and that Plaintiff's claims for lost revenue and loss in value are dismissed._

**_Equipment Leases_** (RFP No. 75).

Plaintiff's responses are non-responsive and boilerplate. Plaintiff initially stated there were no leases on equipment. Dkt. 33-16, RFP No. 24. However, as discovery progressed and Sentinel amended its affirmative defenses regarding ownership of the equipment, Plaintiff changed its position and claimed leases did in fact exist. Dkt. 33-17.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Plaintiff now claims all leases are with its CPA, Mathew Green-Hite, but has made no effort to produce the leases. Mr. Green-Hite testified that the vast majority of the equipment was "owned" by Gibraltar Holdings, LLC as part of a liability and asset protection shell from the operating entity, Lioness Holdings. Dkt. 58-1 at pp. 19-20. Plaintiff has provided no documents that Lioness actually owned the equipment subject to this lawsuit.

*Sentinel's requested sanction: That the Court find Plaintiff has failed to produce any documents or evidence of leases, and to bar plaintiff from arguing they exist. Consistent with the testimony of its CPA, and tax records, Sentinel requests that the Court find all property that is the subject of this claim and suit was owned by Gibraltar Holdings, LLC.*

**Asset/Inventory Lists** (RFP No. 77).

Plaintiff's production is incomplete. Plaintiff produced an inventory from January 2017 that doesn't show the operative dates that were requested. There is no inventory as of September 2016 (date of loss), nor August 2017, when the business was sold.

*Sentinel's requested sanction: That the Court find Plaintiff failed to provide the requested asset/inventory lists, and bar Plaintiff from offering evidence or argument to the contrary.*

**Inter-company Loans, Transfers** (RFP No. 78, 89).

Plaintiff's responses are non-responsive and boilerplate. Sentinel seeks documents related to Plaintiff's inter-office buy/sell agreements, loans, etc. within Plaintiff or with Gibraltar Holdings or any other entity, to show ownership, and how assets and inventories are moved around. This relates to ownership of the damaged property. Plaintiff and its CPA testified these

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

documents exist.  None have been provided.

*Sentinel's requested sanction:  That the Court find Plaintiff failed to provide the requested inter-company loans and transfers, that all of the equipment was owned by Gibraltar Holdings, LLC, and to bar Plaintiff from arguing or presenting evidence to the contrary.*

**Purchase Documents** (RFP No. 79).

Plaintiff's responses are non-responsive and boilerplate.  Plaintiff has produced one version of the signed and executed asset purchase agreement with Patrick McNeil and Khepher Holdings, LLC.  Its production does not include all of the exhibits of the agreement (Exhibit 1.1.4, or Exhibit 3.1) or any correspondence related to its negotiation or its execution.  Nor does the produced agreement have Section 1.4 "Allocation of Purchase Price" for equipment, furniture/fixtures, inventory and leasehold improvements among Plaintiff and Gibraltar Holdings filled out, which would go to the ownership of the equipment at issue.

*Sentinel's requested sanction:  That the Court find Plaintiff failed to provide the requested sales documents, that all of the equipment was owned by Gibraltar Holdings, LLC, and to bar Plaintiff from arguing or presenting evidence to the contrary.*

**Reeves Documents** (RFP Nos. 81, 82).

Plaintiff's production is incomplete.  Plaintiff has produced no correspondence between Plaintiff and Mr. Reeves regarding Mr. Reeves' position within Plaintiff's business and specifically, his apparent "severing of ties" in September 2016.  This includes any apparent revocation of Plaintiff's entrustment of unfettered access to the salon stores by virtue of the

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

grandmaster key. Plaintiff has not explained why these documents are no longer available, or why they have not been produced.

*Sentinel's requested sanction: That the Court find the requested correspondence and documents do not exist, that Plaintiff never requested that Reeves return the master key or otherwise withdrew Mr. Reeves permission to use the master key, and to bar Plaintiff from arguing or offering evidence to the contrary.*

**<u>Gibraltar Holdings' Insurance Policies</u>** (RFP No. 83).

Plaintiff's objection that the requested documents are not relevant is without merit – relevancy is no longer the standard for discovery. The standard is now one of proportionality under FRCP 26(b)(1). The ownership of the equipment is directly at issue, and the request is proportional to the needs of the case. If Gibraltar Holdings, LLC owned the equipment and insured the equipment, it would prove Plaintiff was not the owner of the property to which it makes claim. It could also, potentially, show Plaintiff was "double dipping" on this insurance claim if Gibraltar Holdings was paid for the damage.

*Sentinel's requested sanction: That the Court order Plaintiff to provide the requested documents.*

**<u>Financial Forecasts</u>** (RFP No. 88).

Plaintiff's responses are non-responsive and boilerplate. Plaintiff's production is incomplete. Plaintiff has not explained why these documents are no longer available, or why they have not been produced. These documents go directly to the loss in value and loss in revenue damage claims.

*Sentinel's requested sanction: That the Court make a finding of fact that all forecasts are limited to what is contained in the due diligence documents.*

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 22

**_Appraisal Documents_** (RFP No. 90).

Plaintiff's responses are non-responsive and boilerplate. Plaintiff's production is incomplete. Despite Plaintiff's possession of the ValSpan appraisal, Sentinel was required to subpoena this document. Dkt. 33-3 at pp. 173-174; Dkt. 58-1 at p. 76. Plaintiff testified that other appraisals existed prior to the loss. Id. That appraisal has not been provided. Plaintiff has not explained why these documents are no longer available, what happened to them or why they have not been produced.

*Sentinel requests sanctions in that the Court makes a finding of fact an appraisal of all pieces of equipment existed at the time of loss, that Plaintiff refused to produce the appraisal, and to bar Plaintiff from arguing or presenting evidence to the contrary.*

**_Ownership Compensation_** (RFP No. 91).

Plaintiff's production is incomplete. Plaintiff claims these documents are reflected in the tax returns. However, Plaintiff has not provided Mr. Lamka's personal tax returns, despite requests to do so. Plaintiff has not explained why these documents are no longer available, or why they have not been produced.

*Sentinel's requested sanction: That the Court order Plaintiff to produce Mr. Lamka's personal tax returns from 2011-present.*

## CONCLUSION

Plaintiff has had multiple chances to "come clean" on the specific discovery requests. Instead, Plaintiff has repeatedly stonewalled, obfuscated, and ignored the Orders imposed by this Court. For the reasons set forth above, the Court should impose the sanctions requested by Sentinel and award Sentinel's attorney fees for preparing the past Motions to Compel, this Motion

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

for Sanctions, and the time spent conferring and trying to obtain the

documents without motion practice.

DATED: June 20, 2018

MALONEY LAUERSDORF REINER, PC

By /s/ Francis J. Maloney
Francis J. Maloney, OSB #953441
Scott A. MacLaren, OSB #123799
Telephone: 503.245.1518
Attorney for Defendant Sentinel Insurance
Company, Ltd.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
Page 24